UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRENDA E. MESSINA,

                                            Plaintiff,    3:03-CV-338

    v.

BLUE CROSS AND BLUE SHIELD ASSOCIATION
and NON CONTRIBUTORY NATIONAL LONG TERM
DISABILITY PROGRAM,

                                            Defendant.
_____

**APPEARANCES:**                                           **OF COUNSEL:**

MEAGHER & MEAGHER                            Frederick J. Meagher, Esq.
*Counsel for Plaintiff*
15 Hawley Street
Binghamton, New York  13901

*Counsel for Defendant:*

SEYFARTH SHAW, L.L.P.                             John T. Murry, Esq.
One Peachtree Pointe                                    Michael P. Elkon, Esq.
1545 Peachtree Street, N.E., Suite 700
Atlanta, Georgia  30309-2401

LEVENE GOULDIN & THOMPSON, L.L.P.        Patricia M. Curtin, Esq.
450 Plaza Drive
Binghamton, New York 13902

NORMAN A. MORDUE, District Judge

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiff Brenda Messina worked for Blue Cross and Blue Shield of Central New York ("BCBS"), a licensee of defendant from October 3, 1994 to March 26, 2001.  Her last position with BCBS was as a Provider Service Representative III.  Plaintiff described this position as "[r]esearching and resolving complex claim problems. Long periods of sitting for computer and

phone work. Also typing, filing, copying, and faxing." After treating with various doctors for chronic back pain, and being denied Social Security Disability Benefits on January 29, 2001, plaintiff became eligible to apply for long term disability benefits with defendant as of February 1, 2001. Her eligibility for said benefits was determined based on her condition as of that date.

At issue in the present competing motions for summary judgment is defendant's decision denying plaintiff's claim and subsequent appeal for long-term disability benefits under a disability plan established pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*. Plaintiff claims that denial of her claim by defendant's disability plan administrator was an abuse of discretion. Defendant denies this assertion and contends plaintiff has not met her substantial burden of demonstrating arbitrary or capricious action on the part of the plan administrator.

## II.   FACTUAL BACKGROUND

The facts of this case are not materially in dispute and are as follows:

### A.   The Disability Plan

Defendant's disability plan provides long term disability benefits to eligible employees of certain participating employers, including plaintiff's employer, BCBS. The plan documents identify the Program Administrator as the National Employee Benefits Committee ("NEBC"). Specifically, the Disability Program document states that the 'administration of the Program will be in the charge of the National Employee Benefits Committee" and that said

> Committee shall have complete control of the administration of the Program, with all powers necessary or convenient to enable it properly to carry out its duties in that respect. Without limiting the foregoing, the Committee has the power to construe the Program and to determine all questions that may arise thereunder. The Committee determines all questions relating to the eligibility of employees of the Plan, and the amount of benefits under the Program to which a

> Participating Employee is entitled. The decision of the Committee upon all matters within the scope of its authority shall be final except as otherwise provided by law.

Plan documents establish that the NEBC has delegated the authority for the day-to-day operation of the Disability Program to the National Employee Benefits Administration ("NEBA").

Insofar as definitions and eligibility requirements for long term disability benefits, the plan states "'Disabled' means that a participant is, "determined on the basis of medical evidence satisfactory to the Committee, wholly prevented, by reason of mental or physical disability, from engaging in any occupation comparable to that in which he was engaged for the Employer, at the time his disability occurred." The plan clearly states that an occupation is considered comparable to that in which the participant was engaged for the employer if the earnings potential of the occupation is comparable to the employee's salary range at the time he or she became disabled. The plan's definition of "Disabled" also states that it applies "with respect to all Participants in the Program" and that "the determination as to whether a Participant is 'Disabled' shall be based on medical evidence satisfactory to the Committee in its sole discretion."

**B.      Plaintiff's Claim for Disability Benefits**

In September 2001, plaintiff completed an application for long term disability benefits and described her impairment as: "Unable to sit, stand, or walk for any length of time, due to severe low back pain. Inability to focus, concentrate, or hold a train of thought because of pain medication and depression." Plaintiff also stated that she required assistance for most home maintenance and homemaking functions and for remembering instructions, but that she could perform most hygiene, dressing, community/leisure, and self- management functions without assistance. Plaintiff estimated that she spent 98 hours per week in bed, ten hours per week outside of the home performing various functions, and one hour per week driving. Plaintiff listed

3

her hobbies as reading, simple hand crafts, and word-search puzzles.

Plaintiff's claim was supported by a letter from her primary care physician, Dr. Gary Dean dated September 5, 2001, stating that in his opinion, plaintiff was unable to work in any capacity citing plaintiff's subjective complaints of pain and tenderness in her back and modest limitations in her range of motion. Plaintiff also identified nine additional doctors or clinics as recent treating providers in an attachment to her claim form: Dr. Lynn Bayly, Southern Tier Physical Therapy Associates, Lourdes Hospital, Dr. Eric Seybold. Dr. Erik Gregorie, Tri-County Human Services Center, Dr. Thomas Van Gorder, Dr. Paul Dura, and Dr. Kevin Hastings.

Upon review of these medical records, NEBA determined that plaintiff continually reported complaints of lower back pain but that her complaints were inconsistent and unsubstantiated by objective medical testing. For example, plaintiff complained to doctors of pain in different areas of her body at different times. She also admitted that she had worked full-time with this type of pain for many years. NEBA noted that none of plaintiff's doctors - including orthopedic and neurological specialists - could identify an objective medical explanation for plaintiff's complaints of pain. Moreover, an MRI of plaintiff's lower back in September 2000 revealed no obvious medical conditions which could explain plaintiff's subjective symptoms. Plaintiff was also examined by a rheumatologist who ruled out a diagnosis of fibromyalgia and a psychiatrist who stated that while plaintiff had suffered from a single moderate episode of depression, it had not prevented her from working.

Finally, NEBA ordered that a Transferable Skills Analysis/Wage Earning Capacity Evaluation be performed which sought open positions in plaintiff's labor market appropriate for her skill set, experience, and medical restrictions. The evaluation also sought positions which paid wages comparable to those that she earned working for BCBS. The analysis found five such

positions.

After reviewing all of the relevant evidence and records, NEBA, through its Medical Review Committee denied plaintiff's claim for long term disability benefits in a letter dated February 14, 2002.

**C.      Plaintiff's Appeal**

After hiring an attorney, plaintiff filed an appeal of the decision denying her claim on August 8. 2002. In her appeal, plaintiff's attorney made three arguments. First, he noted that many of the medical records relied upon by defendant evaluated whether plaintiff's medical condition was work-related, which was irrelevant in the context of whether she was disabled within the meaning of the disability plan. Second, plaintiff's counsel noted that medical records dated after September 2001 would be forthcoming and should be taken into consideration. Finally, counsel argued that plaintiff's treating physician believed that she was unable to engage in gainful employment.

Plaintiff submitted additional medical records to defendant in support of her appeal. Defendant also attempted to have plaintiff examined by a medical doctor via an independent medical examination but the IME did not occur due to scheduling difficulties and concerns regarding the legal implications of such an examination by plaintiff's counsel. In lieu of the IME, defendant retained a medical doctor to complete a thorough record review of plaintiff's case. Following her thorough review of plaintiff's claim file, defendant's expert, Dr. Seidel, found that there was no basis for plaintiff's subjective complaints in that objective medical examinations and her subjective symptoms did not follow a consistent anatomic pattern. Dr. Seidel also concluded that there was no medical reason that plaintiff could not work in a sedentary job, particularly because plaintiff stated and her own doctor reported that she was

comfortable in the sitting position.

Following receipt and review of the additional evidence submitted by plaintiff and the detailed records review performed by Dr. Seidel, defendant denied plaintiff's appeal for long term disability benefits in February 2003. In the denial letter, defendant addressed the concerns raised by plaintiff's counsel in the August 2002 appeal letter, noting that: 1) the issue of whether plaintiff's injuries are work- related is indeed irrelevant, but the medical records taking that issue into account are nevertheless relevant because they examine plaintiff's medical condition; 2) defendant had reviewed all additional evidence submitted by plaintiff; and 3) defendant would give significant weight to the opinions of plaintiff's treating physician if they were supported by clinical findings and uncontradicted by any substantial evidence. However, in view of repeated objective medical studies and clinical examinations which were negative for neurologic and/or musculoskeletal abnormalities, defendant deemed plaintiff's symptoms subjective and migratory in nature.

Defendant also reconsidered and again ruled out plaintiff's claim for benefits based on alleged depression. Defendant noted that the records from plaintiff's sporadic visits to her psychiatrist indicated improvement from moderate symptoms of depression in November 2000 and no evidence of disabling psychiatric symptoms or conditions. Finally, defendant addressed the issue of plaintiff's Social Security Disability benefits claim which was reconsidered and accepted by the Social Security Administration in January 2003. Defendant explained to plaintiff that reversal of the original denial of her claim for Social Security Disability benefits by the Social Security Administration was not relevant to or legally binding on its review of plaintiff's disability claim.

### III. DISCUSSION

A.      **Standard of Review**

In considering the applicable standard of review, the Court notes that the disability plan at issue herein vests authority to control and manage the operation and administration of the insurance program in the plan administrator and authorizes the plan administrator to appoint a claims administrator to receive, review and process claims for plan benefits. The plan also gives the claims administrator full discretionary authority to determine eligibility for benefits under the plan, to construe the terms of the plan, and to make determinations regarding appeals of denied claims for plan benefits. Finally, the plan clearly establishes decisions by the claims administrator are final and binding. Thus, the plan grants the plan administrator the discretionary authority to determine eligibility.

It is well established that where, as here, "the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, [a court] will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995). Under the "highly deferential" arbitrary and capricious standard, the question before the court is "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Jordan v. Retirement Comm. of Rensselaer Polytechnic Inst.*, 46 F.3d 1264, 1271 (2d Cir. 1995). Thus, on a motion for summary judgment, the issue is not whether an administrator was presented with conflicting evidence; rather, the issue is whether as a matter of law the decision was "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pagan* at 442.

B.      **Denial of Plaintiff's Claim**

In the instant case, the plan administrator denied plaintiff's claim for disability benefits

after a thorough review of the medical evidence in the case which revealed no objective medical condition or impairment to explain plaintiff's inconsistent subjective complaints of lower back pain. Moreover, only one of plaintiff's several treating physicians - Dr. Dean -  deemed her unable to work, but he cited no objective medical findings to support his claim that she was disabled. Based upon the clearly defined eligibility requirements in the subject plan, defendant made a determination that plaintiff was not disabled and thus not entitled to long term disability benefits. This is not an unreasonable or clearly erroneous construction of the plan provisions in issue. "The court may not upset a reasonable interpretation by the administrator." *Jordan*, 46 F.3d at 1271. This is particularly true in the present case wherein plaintiff does not dispute the relevant underlying facts, but only interpretation of those facts by the plan administrator.

Plaintiff simply asserts that since the Social Security Administration determined her to be disabled, defendant's contrary determination is arbitrary and capricious. In the first instance, defendant correctly points out that determinations concerning Social Security Disability benefits have no relevance in the context of a claim under an ERISA plan. *See Pagan,* 52 F.3d at 440. Indeed, the definition of "totally disabled" as advanced by plaintiff and accepted apparently by the Social Security Administration may be entirely different than the one utilized by defendant in reviewing claims under its private insurance plan. However, even assuming that plaintiff's construction of the subject plan's provisions is also reasonable, the standard of review compels the Court to defer to the plan administrator's construction. *See Pagan*, 52 F.3d at 443.

The plan administrator found that the medical evidence in this case as well as plaintiff's self-reported work limitations and the availability of comparable employment opportunities within those limitations did not support a finding of total disability. This finding is amply supported by the record herein. Although plaintiff's primary physician opined that she is totally

disabled, he acknowledged throughout his records the absence of objective medical evidence to support this conclusion. Moreover, there are numerous other medical reports which contain conflicting statements and findings. Thus, the plan administrator's decision resolving the conflict is supported by the record and does not reflect a clear error of judgment. Contrary to plaintiff's arguments, the record does not establish that the plan administrator's decision to deny benefits was "without reason, unsupported by substantial evidence or erroneous as a matter of law." Therefore, applying the highly deferential arbitrary and capricious standard of review, the Court finds no basis to disturb the plan administrator's determination.

### III.   CONCLUSION

Based on the foregoing, it is hereby

ORDERED that defendants' motion for summary judgment is granted; and it is further

ORDERED that plaintiff's cross motion for summary judgment is denied; and it is further

ORDERED that the action is dismissed in its entirety with prejudice.

IT IS SO ORDERED.

Dated:   September 23, 2005
         Syracuse, New York

Norman A. Mordue
U.S. District Judge